## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

     Plaintiff,

v.                                 No. 2:25-cv-00077-KRS

STATE OF NEW MEXICO

     Defendant.

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed January 27, 2025, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 27, 2025.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $0.00; (ii) Plaintiff has $0.00 in bank accounts; and (iii) Plaintiff does not have access to funds controlled by her spouse.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because Plaintiff has no income and no access to her spouse's funds.

**Order to Show Cause**

    **A.**    **Standard of Review**

        **1.**    **Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(d)(1) states that allegations in pleadings "must be simple, concise, and direct." Fed. R. Civ. P. 8. Pursuant to these provisions, a complaint must "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits " *Lowrey v. Sandoval Cnty. Children Youth & Families. Dep't,* No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023); *see also Embree v. Wyndham Worldwide Corp.,* 779 F. App'x 658, 662 (11th Cir. 2019) (stating that a complaint violates Rule 8 where it

"(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act"). While a pro se complaint is construed liberally, "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Lowrey,* 2023 WL 4560223, at *2; *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). A magistrate judge to whom a case has been referred for non-dispositive pretrial matters "may point out deficiencies in the complaint, order a litigant to show cause, and, if necessary, dismiss a complaint for failure to comply with the show cause order." *Lowrey,* 2023 WL 4560223, at *2.

### 2.    Section 1915

Where a party is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must screen the complaint and dismiss it if the court concludes that "the action or appeal ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court "appl[ies] the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[s] for [Rule 12(b)(6) motions to dismiss for failure to state a claim." *Lopez v. Compa Indus., Inc*., No. 24-2041, 2024 WL 3518015, at *2 (10th Cir. July 24, 2024) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007)).

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact ... 'to state a claim to relief that is plausible on its face.'" *Rutila v. Buttigieg*, No. 23-6157, 2024 WL 5153942, at *2 (10th Cir. Dec. 18, 2024) (quoting *Khalik v. United Air Lines*,

671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). In determining whether this standard has been met, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Lopez,* 2024 WL 3518015, at *2 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc*., 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). "In assessing plausibility, [the court] need not accept conclusory allegations unsupported by facts." *Id.*; *see also Rutila*, 2024 WL 5153942, at *2 ("we disregard conclusory statements … in which an inference is asserted without stating underlying facts or including any factual enhancement" (internal quotation marks and citations omitted).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [the plaintiff] an opportunity to amend." *Lopez,* 2024 WL 3518015, at 2 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999)))).

### B.    Application To The Complaint

As an initial matter, Plaintiff's pro se complaint constitutes an "impermissible shotgun pleading." *Embree v. Wyndham Worldwide Corp*., 779 F. App'x 658, 662 (11th Cir. 2019). As courts have explained, "to comply with federal pleading standards, a complaint 'must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.' FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to 'state [their] claims ... in numbered

paragraphs, each limited as far as practicable to a single set of circumstances.' FED. R. CIV. P. 10(b)." *Hernandez v. Echarte*, No. 24-CV-20766, 2024 WL 1209802, at *4–5 (S.D. Fla. Mar. 20, 2024). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure.'" *Id.* (quoting *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.)). "All shotgun pleadings share two characteristics. One, they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Two, they waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (internal quotation marks and citations omitted).

Plaintiff's complaint is more than twelve pages of single-spaced text, contains mostly unnumbered paragraphs and completely lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure. *See Williamson v. Owners Resort & Exch.,* 90 F. App'x 342, 344 (10th Cir. 2004) (dismissal of pro se complaint warranted where it is "confusing and incomprehensible because of its lack of complete sentences, lucidity, or specificity"; plaintiff "asserted violations of numerous federal statutes and constitutional provisions, but still failed to allege with any clarity what conduct by which defendants violated which federal statutes"); *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) ("a district court may dismiss a pro se complaint when, even liberally construed, it is incomprehensible" (internal quotation marks and citation omitted)); *Moll v. Carter,* 179 F.R.D. 609, 610 (D. Kan. 1998) ("A complaint that is nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state the claims asserted, and fails to give the dates and places of the alleged events of

which plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)." (internal quotation marks and citation omitted)).

In addition to the above, Plaintiff has brought his claims to court in a way that renders them legally frivolous. The Complaint alleges that state-court judges violated Plaintiff's rights pursuant to the United States Constitution during proceedings in state court. Plaintiff asserts claims against the State of New Mexico based on the alleged constitutional violations by the state-court judges pursuant to the New Mexico Civil Rights Act, N.M.S.A. § 41-4A-9 *et seq. See* Complaint at 1. These claims as asserted are legally frivolous because, among other things, they are against persons (including judges) who enjoy absolute immunity from suits for damages. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (judges); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutors for acts associated with judicial process). In addition, Plaintiff lumps all of the defendants together in a vast purported conspiracy, and it appears Plaintiff may be inappropriately attempting to enjoin pending and not-yet-filed state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37 (1971). More generally, Plaintiff's "sprawling attempt to indict essentially the entirety of government, including local and state government, as well as the state … judicial branch[], is legally frivolous. The lawsuit cannot appropriately be maintained, and requiring the defendants to respond to it would unfairly tax their resources, as well as those of the Court." *Garner v. City of Chicago*, No. 22 C 3185, 2022 WL 19404934, at *2 (N.D. Ill. Aug. 8, 2022); *see also Gordon v. Maine,* No. 08-100-B-S, 2008 WL 2433196, at *1–2 (D. Me. June 13, 2008) (court dismisses pro se complaint because suit against the State of Maine, one of its courts, and the office of one of its district attorneys is barred by the Eleventh Amendment; where the defendant judge and assistant attorney general were also immune from suit; and where, even if the named defendants were not immune from suit, th[e] complaint … [could] only be construed as frivolous" because it "presents a legal

6

theory, that theory is indisputably meritless. (citing, e.g. *Harmon v. Bullock*, 21 Fed. Appx. 9, 10 (1st Cir. 2001) (per curiam) (upholding trial court conclusion that complaint was frivolous even if allegation that criminal charge against plaintiff was unfounded were true, because state court defendant immune from liability; allegation that state court's rulings called its impartiality into question, requiring recusal, frivolous on its face); *Slotnick v. Staviskey,* 560 F.2d 31, 32–33 (1st Cir. 1977) (claim of conspiracy under § 1983 against state court judge, attorney for plaintiff in state court case, and others properly dismissed where complaint contained only conclusory allegations unsupported by references to material facts).

Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015).

The Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to

Plaintiff's claims against the State of New Mexico. The first exception, consent to suit, does not apply. Plaintiff asserts claims pursuant to the New Mexico Civil Rights Act which provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added). The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.

The second exception, abrogation of sovereign immunity by Congress, does not apply because "the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). The third exception, bringing suit pursuant to *Ex parte Young*, does not apply because Plaintiff is suing the State of New Mexico. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

It also appears that this case may be barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines because Plaintiff's claims arise from proceedings in state court. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed. Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ('Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'') (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to comply with Rule 8, because the claims are frivolous and because the Court lacks jurisdiction over claims against the State of New Mexico.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.  *See*, *for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs).  The amended complaint must also: (i) provide the case numbers for the proceedings in state court giving rise to Plaintiff's claims in this case; and (ii) indicate whether those cases are ongoing.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 27, 2025, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

11

IT IS SO ORDERED this 10th day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE