IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

    Plaintiff,

v.                                                                                                No. 2:25-cv-00077-WJ-KRS

STATE OF NEW MEXICO

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleges that state-court judges violated her rights pursuant to the United States Constitution during proceedings in state court. *See* Complaint, Doc. 1, filed January 27, 2025. Plaintiff asserts claims against the State of New Mexico based on the alleged constitutional violations by the state-court judges. *See* Complaint at 1.

United States Magistrate Judge Kevin R. Sweazea explained that as the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction and that because federal courts are courts of limited jurisdiction, the Court presumes no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *See* Order to Show Cause, Doc. 6, filed March 10, 2025 (citing *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013)).

Judge Sweazea informed Plaintiff that States are protected from suit by sovereign immunity as guaranteed by the Eleventh Amendment except under three circumstances; the three exceptions are (i) a State may consent to suit, (ii) Congress may abrogate a State's sovereign immunity by legislation, and (iii) a plaintiff may bring suit against individual State officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks

prospective relief.  *See* Order to Show Cause at 7 (quoting *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015)).  Judge Sweazea notified Plaintiff that the Complaint failed to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the State of New Mexico.  *See* Order to Show Cause at 7-8.

Judge Sweazea also notified Plaintiff that it appears that this case may be barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines because Plaintiff's claims arise from proceedings in state court and (i) the *Younger* abstention doctrine, which is jurisdictional, dictates that federal courts not interfere with ongoing state court proceedings, and (ii) the *Rooker-Feldman* doctrine deprives the Court of jurisdiction where the relief requested would necessarily undo the state court's judgment.  *See* Order to Show Cause at 9 (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019)).

Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint.  *See* Order to Show Cause at 11 (setting deadline of March 31, 2025); Order Granting Motion for Extension of Time, Doc. 8, filed March 27, 2025 (granting a 21-day extension of time to comply with the Order to Show Cause).  Plaintiff did not show cause or file an amended Complaint by the April 21, 2025, deadline.

The Court dismisses this case without prejudice because the Complaint does not show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico, Plaintiff did not show cause why the Court should not dismiss this case for lack of jurisdiction, and Plaintiff did not file an amended complaint showing that the Court has jurisdiction over Plaintiff's claims.  *See*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original). Because it is dismissing this case, the Court denies Plaintiff's Motion for Violation of Civil Rights, Doc. 5, filed February 4, 2025.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Motion for Violation of Civil Rights, Doc. 5, filed February 4, 2025, is **DENIED.**

/s/

_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**